```
 1   Michael T. Hopkins (WI SBN: 1014792)
     mth@ip-lit.us
 2   IP-Litigation.US, LLC
     757 N. Broadway, Suite 201
 3   Milwaukee, WI  53202
     Tel/Fax: 888-227-1655
 4   appearing pro hac vice
             and
 5   Sharon J. Adams (State Bar No. 154929)
     sjadams@adamslaw.biz
 6   Adams Law Office
     2140 Shattuck Avenue, Suite 207
 7   Berkley, CA  94704
     Tel/Fax: 510-649-1331
 8
 9   Attorneys for Plaintiff, Ginseng Board
     of Wisconsin, Inc.
```

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GINSENG BOARD OF WISCONSIN, INC.**, a Wisconsin corporation, <br><br> Plaintiff, <br><br> vs. <br><br> **HERBA ENTERPRISE, INC.**, a California corporation, and **DAVID CHEUNG**, <br><br> Defendants. | Case No: 3:15-cv-3795 <br><br> **PLAINTIFF'S COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR TRADE PRACTICES, AND INJUNCTIVE RELIEF** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff, Ginseng Board of Wisconsin, Inc., hereby alleges as follows:

### JURISDICTION

1. The Court has subject matter jurisdiction in this action pursuant to 28 U.S.C. §§ 1331 and 1338, as this action arises under the Federal Trademark Act, 15 U.S.C. § 1051, et seq.

### VENUE

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(1) and (2), and 28 U.S.C. §1391(c), as one or more of the Defendants reside within this District and a substantial part of the events giving rise to this claim arose within this District.

*Ginseng Board of Wisconsin, Inv. v. Herba Enterprise, Inc., et al.*
Complaint

## PARTIES

3. The Plaintiff, Ginseng Board of Wisconsin, Inc. (hereinafter "GBW"), is a non-stock, not for profit corporation organized and existing pursuant to the laws of the State of Wisconsin, having its principal corporate office located at 668 Maratech Avenue, #E, Marathon City, Wisconsin, which operates as a state sanctioned trade organization representing all Wisconsin ginseng growers in the advertisement and promotion of Wisconsin ginseng, and the education of the consuming public concerning the unique characteristics and benefits of said product.

4. The Defendant, Herba Enterprise, Inc. (hereinafter "Herba"), is a California Corporation with its principal corporate office located in San Francisco County, California, which has as its principal corporate activity the sale of specialty food items, including ginseng root and ginseng containing food products.

5. The Defendant, David Cheung, is an adult individual residing in San Francisco County, California, who is the majority/sole shareholder and principal corporate officer of the Defendant, Herba.

## FACTS

6. GBW is the owner of U.S. trademark registration number 1755967 (hereinafter the "certification mark") for the certification mark consisting of the design plus words, letters and/or numbers reproduced below, which incorporates the words "GINSENG BOARD OF WISCONSIN, INC. WISCONSIN GINSENG," which Plaintiff first used in commerce on August 15, 1991, and which was registered on the principal register on March 2, 1993.



*Ginseng Board of Wisconsin, Inv. v. Herba Enterprise, Inc., et al.*
Complaint

7. GBW only allows licensed sellers of Wisconsin ginseng of the Panax Quinquefolius variety who otherwise meet the certification requirements associated with said certification mark to place its certification mark on packages of ginseng and ginseng related products which contain ginseng root grown in Wisconsin.

8. The Defendants have sold and continue to sell, at wholesale and/or retail, packages of ginseng tea bearing counterfeit copies of GBW's certification mark, and/or a mark which is confusingly similar to GBW's certification mark, throughout the United States.

9. Defendants' use of GBW's certification mark, as described above, was meant to cause and has caused confusion among retailers and the consuming public as to GBW's affiliation, connection, or association, with Defendants and the ginseng tea being sold by them, and as to GBW's sponsorship and/or approval of said packages of ginseng tea.

10. Defendants have acted intentionally in violating GBW's rights in the certification mark, as described above.

11. David Cheung has knowingly and intentionally sold and/or distributed, and/or has personally caused the corporate Defendant, Herba Enterprise, Inc., to knowingly and intentionally sell and/or distribute packages of ginseng tea bearing counterfeit copies of GBW's certification mark, and/or a mark which is confusingly similar to GBW's certification mark, with the intent of confusing retailers and the consuming public as to the source and/or content of said goods, or as to GBW's affiliation, connection, or association, with Defendants and the ginseng tea being sold by them, and as to GBW's sponsorship and/or approval of said packages of ginseng tea.

12. The conduct of the corporate Defendant described above, was performed and accomplished through the direction, control and conduct of Cheung, personally, and as an owner, officer, director and/or manager of the corporate Defendant. Cheung had the ability to prevent Herba from infringing GBW's certification mark, and/or to stop the infringement once it began. Additionally, Cheung received pecuniary benefit from Herba's infringement and other

illegal conduct, described above. Accordingly, Cheung is personally liable to GBW as joint and/or contributory infringer, or is otherwise vicariously liable.

13. None of the Defendants are in any way authorized, licensed or permitted to use GBW's certification mark, or a mark confusing similar to GBW's certification mark in the manufacture, sale or distribution of ginseng, or products containing ginseng, such as ginseng tea, nor do they meet the certification requirements associated with the use and licensing of said certification mark.

## FIRST CAUSE OF ACTION – TRADEMARK INFRINGEMENT

14. Plaintiff realleges and incorporates, as if fully set forth herein, each and every allegation contained in paragraphs 1 through 13, supra.

15. Defendants' wrongful use of GBW's certification mark, and/or a mark which is confusingly similar to GBW's certification mark is likely to cause confusion as to sponsorship, authorization, association, affiliation or certification by GBW, or alternatively, destroy the origin-identifying, and quality and purity establishment functions of the certification mark.

16. Defendants' aforementioned acts constitute trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114.

17. As a proximate result of Defendants' actions, GBW has suffered and will continue to suffer great damage to its business, goodwill, reputation, income, and the strength of its certification mark.

18. The injury to GBW is and continues to be ongoing and irreparable. An award of monetary damages alone cannot fully compensate GBW for its injuries and GBW lacks an adequate remedy at law.

19. GBW is entitled to a permanent injunction against Defendants, as well as all other remedies available under the Lanham Act for non-willful trademark infringement, including, but not limited to compensatory damages; statutory damages; treble damages; disgorgement of profits; destruction of infringing products; and costs and attorney's fees.

**SECOND CAUSE OF ACTION – WILLFUL TRADEMARK INFRINGEMENT**

20. Plaintiff realleges and incorporates, as if fully set forth herein, each and every allegation contained in paragraphs 1 through 13, supra.

21. Defendants' wrongful use of GBW's certification mark, and/or a mark which is confusingly similar to GBW's certification mark is likely to cause confusion as to sponsorship, authorization, association, affiliation or certification by GBW, or alternatively, destroy the origin-identifying, and quality and purity establishment functions of the certification mark.

22. Defendants' aforementioned acts constitute willful trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114.

23. As a proximate result of Defendants' actions, GBW has suffered and will continue to suffer great damage to its business, goodwill, reputation, income, and the strength of its certification mark.

24. The injury to GBW is and continues to be ongoing and irreparable. An award of monetary damages alone cannot fully compensate GBW for its injuries and GBW lacks an adequate remedy at law.

25. The foregoing acts of infringement by the Defendants have been and continue to be deliberate, willful and wanton, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

26. GBW is entitled to a permanent injunction against Defendants, as well as all other remedies available under the Lanham Act for Defendants' willful trademark infringement, including, but not limited to compensatory damages; statutory damages; treble damages; disgorgement of profits; destruction of infringing products; and costs and attorney's fees.

**THIRD CAUSE OF ACTION – FEDERAL UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN, PASSING OFF AND FALSE ADVERTISING**

27. Plaintiff realleges and incorporates, as if fully set forth herein, each and every allegation contained in paragraphs 1 through 13, supra.

*Ginseng Board of Wisconsin, Inv. v. Herba Enterprise, Inc., et al.*
Complaint

28. The foregoing acts and conduct of Defendants constitute false designation of origin, passing off and false advertising in connection with products and services distributed in interstate commerce, in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

29. Defendants' acts, as set forth above, have caused irreparable injury to GBW's goodwill, reputation and income. The injury to GBW is and continues to be ongoing and irreparable. An award of monetary damages alone cannot fully compensate GBW for its injuries and GBW lacks an adequate remedy at law.

30. GBW is entitled to a permanent injunction against Defendants, as well as all other remedies available under the Lanham Act, including, but not limited to compensatory damages; statutory damages; treble damages; disgorgement of profits; destruction of infringing products; and costs and attorney's fees.

**WHEREFORE**, Plaintiff, Ginseng Board of Wisconsin, Inc. prays for judgment against Defendants, Herba Enterprise, Inc. and David Cheung, as follows:

(1) that Defendants, their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with Defendants who receive actual notice of the Court's order by personal service or otherwise, be permanently enjoined from:

(a) using Plaintiff's certification mark and/or a confusingly similar mark in any way or manner, including but not limited to use in conjunction with the sale, offering of sale, advertisement or marketing of ginseng or products containing ginseng;

(b) blurring, passing off or falsely designating the origin of any ginseng or ginseng containing product which they may sell, and from injuring GBW's goodwill and reputation;

(c) doing any other act or thing likely to induce the belief that ginseng or products containing ginseng which are sold or marketed by Defendants are in any way connected with, sponsored, affiliated, licensed, endorsed or certified by GBW;

*Ginseng Board of Wisconsin, Inv. v. Herba Enterprise, Inc., et al.*
Complaint

(2) that Defendants, in accordance with 15 U.S.C. § 1116(a), be directed to file with the Court and serve upon GBW within thirty days after service of the permanent injunction a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied with the permanent injunction;

(3) that GBW recover its actual damages sustained as a result of Defendants' wrongful actions, in an amount to be ascertained;

(4) that GBW recover Defendants' profits made as a result of Defendants' wrongful actions, in an amount to be ascertained;

(5) that GBW recover of Defendants, jointly and severally, three times Defendants' profits made as a result of Defendants' wrongful actions or three times GBW's damages, whichever is greater;

(6) that, at the option of GBW, it be allowed to recover statutory damages pursuant to §35(c) of the Lanham Act, 15 U.S.C. §1117(c);

(7) that this case be deemed an exceptional case under 15 U.S.C. §§ 1117(a) and (b) and that Defendants, jointly and severally, be deemed liable for and ordered to reimburse GBW for its reasonable attorney fees;

(8) that all infringing products be seized and destroyed;

(9) that GBW recover its costs of court; and

(10) that GBW recover such further relief to which it may be entitled.

**DEMAND IS HEREBY MADE FOR A TRIAL BY JURY**

Dated this 19th day of August, 2015.

      /s/ Michael T. Hopkins    .
Michael T. Hopkins
WBN: 1014792

mth@ip-lit.us

IP-Litigation.US, LLC
757 N. Broadway, Suite 201
Milwaukee, WI  53202

Tel/Fax: 888-227-1655

*Ginseng Board of Wisconsin, Inv. v. Herba Enterprise, Inc., et al.*
Complaint

and

/s/ Sharon J. Adams
Sharon J. Adams
(State Bar No. 154929)
sjadams@adamslaw.biz
Adams Law Office
2140 Shattuck Ave., Suite 207
Berkley, CA 94704
Tel/Fax: 510-649-1331

attorneys for Plaintiff,
Ginseng Board of Wisconsin

*Ginseng Board of Wisconsin, Inv. v. Herba Enterprise, Inc., et al.*
Complaint